[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 21, 2011
JOHN LEY
CLERK

_____

No. 10-13255
Non-Argument Calendar

_____

D.C. Docket No. 2:09-cr-00026-JES-SPC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEROME MELINORE FAIR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 21, 2011)

Before CARNES, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Jerome Fair appeals his 46-month sentence imposed after he pleaded guilty to possession with intent to distribute 500 grams or more of cocaine. Fair contends that the district court's within-the-guidelines-range sentence was procedurally unreasonable because the district court did not sufficiently explain its sentence and substantively unreasonable because the sentence it imposed was greater than necessary to achieve the purposes of sentencing.

I.

On April 9, 2009, while Timothy Williams was driving Fair and 4.966 kilograms of cocaine from Miami to Tampa, they were pulled over for a traffic violation. After a drug sniffing canine picked up a scent, the officer searched the vehicle. Fair was in the passenger seat. The five packages of cocaine were found hidden under a back seat cushion.

Fair, after waiving his Miranda rights, admitted that he believed they were transporting cocaine, although he did not know exactly how much. For his participation he expected Williams to pay him $500. Fair also admitted that this was not the first time that he and Williams transported cocaine together; using the same car, on two previous trips, they had transported a total of 3 kilograms of cocaine. Fair was paid about $200 for those trips.

On April 15, 2009, Fair was released on bond. However, just two days later he violated his bond conditions by testing positive for cocaine. Despite that he was allowed to remain out on bond. Two months later Fair again violated his bond conditions by testing positive for cocaine.

On February 8, 2010, Fair pleaded guilty to possession with intent to distribute 500 grams or more of cocaine. Since Fair was responsible for over 7 kilograms of cocaine, under the guidelines he had an initial offense level of 32. Because of his "mitigating role" it was decreased by 2 levels, because he met the "safety valve" criteria it was decreased by another 2 levels, because he was a minor participant it was decreased by another 2 levels, and because he accepted responsibility it was decreased by another 3 levels. His final offense level was 23.

Fair also had a long criminal record, which included seven convictions for crimes such as disorderly conduct, simple assault, obstruction of justice, possession of cocaine, and possession of drug paraphernalia. However, because all of these convictions were more than 10 years old, under the guidelines he had a criminal category of I.

Accordingly, the recommended sentence under the guidelines for his level 23 offense was 46–57 months. The court, before announcing Fair's sentence, stated:

Mr. Fair, the Court is required to impose a sentence that is sufficient but not greater than necessary. After considering all the factors set forth in Title 18, United States Code, Section 3553, the Court has considered all those factors. You have a criminal history category of I. Not because you haven't committed prior offenses [in] your past, but because of the age of the offenses. From 1975 through 1999, you have, looks like, six or seven different arrests and convictions, including for possession of cocaine in 1998. . . . [Y]our role in this particular case is as your attorney has described it and has been accounted for in the guidelines.

The court then sentenced Fair to 46 months in prison—the very bottom of the range recommended in the guidelines.

## II.

"We review the reasonableness of a sentence for abuse of discretion using a two-step process." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). First, we determine "whether the district court committed any significant procedural error," and second we determine "whether the sentence is substantively reasonable under the totality of the circumstances." Id. "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the [18 U.S.C.] § 3553(a) factors." Id.

To determine if a sentence is procedurally unreasonable, we consider issues such as whether the district court improperly calculated the guidelines range, treated the guidelines as mandatory instead of advisory, selected a sentence based on clearly erroneous facts, failed to consider the appropriate statutory factors, or

4

failed to adequately explain the sentence it imposed.  See United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008).   Fair argues that the district court failed to consider and explain all the appropriate statutory factors.  Specifically, he argues that the court should have considered that he was 58 years old at the time of the offense, he did not have a criminal record within the last ten years, and his minor role in the offense.

The district court properly considered the statutory factors and adequately explained its sentence.  Not only did the court say that it had considered all of the § 3553(a) factors, but it also stated that it had considered Fair's criminal history and his role in the offense.  See Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468 (2007) ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation."); United States v. Irey, 612 F.3d 1160, 1195 (11th Cir. 2010) (en banc) ("No member of this Court has ever before indicated that a sentencing judge is required to articulate his findings and reasoning with great detail or in any detail for that matter.").  Accordingly, the court did not impose a procedurally unreasonable sentence.

To determine if a sentence is substantively unreasonable, "we must, as the Supreme Court has instructed us, consider the totality of the facts and

5

circumstances." Irey, 612 F.3d at 1189. "[O]rdinarily we . . . expect a sentence within the Guidelines range to be reasonable." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). We will vacate a sentence for substantive unreasonableness "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Irey, 612 F.3d at 1190 (quotation marks omitted).

The totality of the circumstances show that Fair's 46-month sentence was fair. The district court imposed a sentence within the range recommended by the guidelines—in fact it was at the bottom of the range—and the sentence properly takes into account that Fair possessed with the intent to distribute over 7 kilograms of cocaine, his role in the crime, and his criminal history. Accordingly, his sentence also is not substantively unreasonable.

**AFFIRMED.**